IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02130-RBJ-BNB

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES BARRETT, and
KATHLEEN BARRETT,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Motion to Correct the Record** [Doc. # 44, filed 1/6/2012] filed by Charles R. Barrett, purportedly on behalf of both defendants. Attached to the Motion to Correct the Record as Exhibit B is a document captioned Motion to Vacate Default Judgment. Exh. B [Doc. # 44]. The Motion to Vacate Default Judgment was not filed with the court independently. It appears in the court's file only as an exhibit to the Motion to Correct the Record.

The defendants are proceeding pro se. Consequently, I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Applying a liberal construction, I find that the Motion to Correct the Record [Doc. # 44] is, in effect, a motion to set aside the Entry of Default [Doc. # 43]. The Motion to Correct the Record [Doc. # 44] is DENIED.

Only Charles Barrett, and not his co-defendant and wife, Kathleen Barrett, signed the Motion to Correct the Record. Id. at p. 3. Mr. Barrett may only represent himself pro se, and he may not act on behalf of his wife. Consequently, I construe the Motion to Correct the Record as

filed on behalf of Mr. Barrett only.

This action was commenced by the filing of a Complaint [Doc. 1] by which the United States seeks to reduce a federal tax assessment to judgment and to require the defendants to repatriate assets. The defendants could not be found within the United States, and service was perfected on them in Ecuador pursuant to the Inter-American Convention on Letters Rogatory, with Additional Protocol, Jan. 30, 1975, May 8, 1979 1975 U.S.T. LEXIS 589, S. Treaty Doc. No. 27, 98th Cong., 2d Sess. (1984). Request for Entry of Default [Doc. # 41] at ¶¶2-3.

Service was completed on December 21, 2010. Id. at ¶3; Certificate of Execution [Doc. # 39]. The defendants failed to answer or otherwise respond to the Complaint. Consequently, more than eleven months later, on November 29, 2011, the United States moved for the entry of default pursuant to Fed. R. Civ. P. 55(a). Request for Entry of Default [Doc. # 41]. The Clerk of the Court entered default on December 7, 2011. Entry of Default [Doc. # 43]. The defendants still have not answered or otherwise responded to the Complaint.

On January 6, 2012, Mr. Barrett filed the Motion to Correct the Record [Doc. # 44]. In it he asserts, erroneously, that default judgment was entered against the defendants on December **17**, 2011. To the contrary, default pursuant to Rule 55(a), and not a default judgement, was entered on December **7**, 2011.

Mr. Barrett also argues that "Defendants never received timely notice of the default judgment in order to respond"; "[o]n December 23, 2011, the court received Defendant's Motion to Vacate Default Judgment"; and "the court did not docket the Motion, which would have vacated the judgment and preserved Defendant's Fifth Amendment rights." Motion to Correct the Record [Doc. # 44] at p. 1.

The Motion to Vacate Default Judgment was not filed with the court on December 23, 2011, and has never been received by the court other than as an exhibit to the Motion to Correct the Record. The "evidence" presented by Mr. Barrett to establish that it was received on December 23, 2012, does not support that contention. Mr. Barrett has submitted Federal Express tracking forms which show that a package, the contents of which are not specified, was delivered on December 23, 2011, at 10:10 a.m., to "United States District Court, 1225 Seventeenth St., Suite 700, Denver, CO 80202." Exhs. A-1 and A-2 [Doc. # 44]. The address at 1225 Seventeenth Street, Suite 700, is the office of the United States Attorney for the District of Colorado. The office of the Clerk of the United States District Court for the District of Colorado, by contrast, is 901 19th Street, Denver, Colorado.

It makes no difference whether the Motion to Vacate Default Judgment was received on December 23, 2011, as Mr. Barrett argues, or on January 6, 2012, as the court's records reflect and only as an exhibit to the Motion to Correct the Record. Either way, it came too late to prevent the entry of default, which occurred on December 7, 2011. It is not clear, and Mr. Barrett provides no explanation, as to how the entry of default impacts the defendants' Fifth Amendment rights.

Rule 55(c), Fed. R. Civ. P., provides that "[t]he court may set aside an entry of default for good cause. . . ." More particularly:

> In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.

Pinson v. Equifax Credit Reporting Services, Inc., 316 Fed. Appx. 744, 750 (10th Cir. 2009)(internal quotation and citation omitted).

First, I find that the defendants' default was willful. The defendants do not seriously dispute that they were served with the Complaint. The issue is addressed by Mr. Barrett fleetingly and without any evidence, as follows:

> The court should vacate the default judgment because it is *void*. Defendants were not properly served with the complaint and motion for default as they were out of the country and unable to receive timely service.

Exh. B [Doc. # 44] at p. 9 of 10 (internal citations omitted). The evidence, in the form of Certificate of Execution [Doc. # 39], establishes that the defendants were properly served in Ecuador. In addition, the United States argues that the defendants were advised by an attorney on the matter, Mr. Grattan, and that "[i]n December of 2010 and January 2011, Mr. Grattan repeatedly contacted counsel for the United States on the Barrett's behalf, including to discuss pending deadlines in the case." Response [Doc. # 45] at p. 6. Mr. Barrett concedes these facts. Reply [Doc. # 46] at p. 7. Mr. Barrett's unsupported and conclusory assertion that the defendants were not served with process is contrary to the record and is insufficient to rebut that evidence. In addition, Mr. Barrett offers no explanation for the defendants' failure for nearly one year to answer or otherwise respond to the Complaint.

Setting aside the default would prejudice the United States. The Barretts have left the country and have failed and refused to participate in the litigation except to attempt to set aside the Entry of Default. In particular, the defendants still have not answered or otherwise responded to the Complaint. The Motion to Correct the Record is an improper attempt to needlessly delay these proceedings.

Finally, the defendants have not tendered an answered or other response to the Complaint and, consequently, have not presented a meritorious defense. In the Motion to Set Aside

Default, Exh. B [Doc. 44], Mr. Barrett does make the following arguments:

•The court lacks jurisdiction, without any further explanation. Id. at p. 9 of 10. To the contrary, jurisdiction exists pursuant to 26 U.S.C. §7402 and 28 U.S.C. §§ 1340 and 1345.

•The statutes relied on by the United States in support of its claims "have no corresponding CFR." Id. at p. 9 of 10. The argument is meritless. As the Tenth Circuit Court of Appeals stated in Gass v. U.S. Dept. of Treasury, 216 F.3d 1087 at *4, "[c]ourts have consistently, and in a variety of contexts, rejected the claim that provisions of the tax code must be implemented by regulation before being effective."

•The United States "violated the Uniform Federal Lien Registration Act." Motion to Set Aside Default, Exh. B [Doc. 44] at p. 9 of 10. However, as the United States notes in its Response [Doc. # 45], tax liens are governed by 26 U.S.C. §6321. And, as is explained in In re Bertelt, 206 B.R. 579, 582 (Bankr. M.D. Fla. 1996):

> The lien in favor of the United States under 26 U.S.C. § 6321 is a statutory lien which arises when the taxpayer fails or refuses to pay a tax after demand. . . . To create a valid tax lien under § 6321, it is only necessary that the person liable for the tax neglect or refuse to pay after the Internal Revenue Service has made a demand for payment.

•The United States failed to comply with statutory protections afforded to servicemembers, citing 50 U.S.C. § 521(b)(2) and (3). The United States filed a declaration in support of its Request for Entry of Default stating that it "was unable to determine definitively whether Charles Barrett and Kathleen Barrett are in the military service." Declaration of Hamza H. Shaban [Doc. # 41-1] at ¶4. However, the Department of Defense Manpower Data Center does not indicate that either defendant is in the military service. Id. And, significantly, Mr. Barrett does not contend that either he or his wife are servicemembers. Instead, Mr. Barrett

states that he moved to Ecuador "[i]n an effort to reduce living expenses" and that he is employed in the agricultural industry by Ralco Latino America S.A.  Response [Doc. # 46] at p. 4.

Mr. Barrett has failed to establish good cause to set aside the Entry of Default.

IT IS ORDERED that the Motion to Correct the Record [Doc. # 44] is DENIED.

Dated January 30, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge