IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02130-RBJ-BNB

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES BARRETT, and
KATHLEEN BARRETT,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the Writ Ne Exeat Republica [Doc. # 27] (the "Writ") and my Order [Doc. # 75] setting a hearing on the issue of the continuing propriety of the Writ. I held a hearing on the matter this afternoon; received evidence and heard arguments of counsel; and made findings and rulings, which are incorporated here. In summary and for the reasons stated on the record, I respectfully RECOMMEND that the Writ be DISCHARGED.[1]

Where, as here, the writ was issued *ex parte* and the defendants later are detained, the writ "can authorize no more than a brief period of initial restraint during which the Government has the burden of proving, in an evidentiary hearing, after due notice has been given, its right to have the restraint continue in effect." Id. at p. 10. The requisite burden is described in United States v. Mathewson, 1993 WL 113434 (S.D. Fla. 1993), as follows:

---

[1]I have not reduced to writing all of my findings and conclusions. The transcript of today's hearing, which the parties my obtain, will serve to supplement this Recommendation.

> A Writ of Ne Exeat Republica is a form of injunctive relief that restrains the defendant from leaving the jurisdiction in order to compel feasance to the sovereign. The court has the power to issue the Writ as may be necessary or appropriate for the enforcement of the internal revenue laws. In appropriate circumstances, the Writ may issue to detain a citizen for a limited time to enable the Government to have effective discovery, both on issues of liability and with respect to the location, value, and legal status of the taxpayer's property.
>
> To receive issuance of the Writ, at a minimum, the Government must meet the burden of proof associated with a preliminary injunction. In turn, preliminary injunctive relief stems from four factors: (1) a substantial likelihood the movant will succeed on the merits; (2) the movant will suffer an irreparable injury if the injunction is not issued; (3) the potential injury to the movant outweighs the potential harm to the opposing party; and (4) the injunction would not disserve the public interest.

Id. at **1-2 (internal quotations and citations omitted). With respect to the second factor--concerning irreparable injury--the government may meet its burden by showing that "the taxpayer's departure will substantially prejudice the collection of taxes." Id. at *2. And as to the fourth factor, "the collection of taxes certainly serves the public interest," and the government need make no further showing. Id. In addition, the Writ should be discharged on a showing by the defendants that there is little or no money available, either here or abroad, to satisfy the tax liability. See, e.g., Bank of America v. Veluchamy, 643 F.3d 185, 190 (7th Cir. 2011).

Default judgment has been entered against the defendants, Default Judgment [Doc. # 52], which satisfies the first factor.

The defendants established at the hearing this afternoon that the amount of money transferred out of the country by the Barretts was actually approximately $111,000.00 less than was alleged in the Declaration of Revenue Officer Roseanne Miller [Doc. # 13-6] offered in support of the United States' Emergency Motion for Writ [Doc. # 13]. In addition, the United

States failed to identify any substantial assets of the Barretts existing outside of the United States and capable of liquidation, and the Barretts established that no such assets exist. Consequently, the United States has failed to show that the Barretts' departure from the United States will substantially prejudice its collection efforts, see Matthewson, 1993 WL 113434 at *2, and failed to show that it will suffer an irreparable injury if the Writ is not continued. For the same reasons, the United States failed to show that the potential injury to it from discharging the Writ outweighs the potential harm to the Barretts.

Finally, "the collection of taxes certainly serves the public interest," id., satisfying the fourth factor.

Not only did the United States fail to meet its burden to establish the necessity for continuing the Writ, but the Barretts proved that there are no significant assets available, here or abroad, to satisfy the tax liability. Under those circumstances, continuing the Writ would be punitive in nature and improper. See Anthony D. Rebollo, *The Civil Arrest and Imprisonment of Taxpayers: An Analysis of the Writ of Ne Exeat Republica*, 7 PITT. TAX R. 103, 148-49 (2010).

I respectfully RECOMMEND that the Writ No Exeat Republica [Doc. # 27] issued against Charles and Kathleen Barrett be DISCHARGED.[2]

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

In addition, IT IS ORDERED:

(1) This is a Recommendation only and does not act as an order of the court. Pending the entry of such an order, the Writ remains in effect as do the requirements of my Order [Doc. # 75] that the Barretts (I) surrender their passports and all international travel documents; (ii) obtain no new passports or international travel documents; and (iii) not travel outside of the continental United States until further order of the court;

(2) Defendants' **Motion to Vacate Default Judgment and Settle Relief** [Doc. # 60] and defendants' **Motion to Vacate Default Judgment and Settlement Relief** [Doc. # 62] are DENIED as redundant of defendants' Motion to Vacate Default Judgment and Relief [Doc. # 53];

(3) **Defendants' Motion for Leave to File Brief In Support of Motion to Vacate Default Judge** [Doc. # 81] is GRANTED. The defendants shall file their brief on or before October 17, 2013;

(4) The **United States' Motion In Limine Regarding Fifth Amendment Claims** [Doc. # 97] is GRANTED IN PART and DENIED IN PART consistent with my rulings on contemporaneous objections made during the hearing this afternoon; and

(5) Defendants' **Motion for Determination: No Money to Repatriate** [Doc. # 102] is subsumed within my finding that there are no significant assets available, here or abroad, to satisfy the tax liability, and is GRANTED to that extent.

Dated October 11, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge